IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK A. PENDERGRAFT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-1000-D |
| DAVID P. STEINER, Postmaster General[1], *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendant David P. Steiner's Motion to Dismiss Plaintiff's Amended Complaint with Brief in Support [Doc. No. 20], filed pursuant to FED. R. CIV. P. 12(b)(1) and (6). Plaintiff, appearing pro se in this employment discrimination action, has responded [Doc. No. 23] and Defendant has replied [Doc. No. 29]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff, a 51-year-old Caucasian male, alleges a variety of employment discrimination claims against his former employer, the United States Postal Service (USPS). Plaintiff was hired by USPS as a truck driver in February 2023. Plaintiff also applied to a mix of four internal and external USPS job listings for management and driver instructor positions between December 2022 and April 2023. Plaintiff was not selected for

---

[1] Pursuant to FED. R. CIV. P. 25(d), Mr. Steiner is automatically substituted as the proper party defendant.

1

any of these positions and, while still employed by USPS, filed an equal employment opportunity (EEO) complaint with his EEO counselor.

Following his EEO complaint in April 2023, Plaintiff was involved in an altercation with his supervisor at work that resulted in Plaintiff's suspension pending investigation. In May 2023, Plaintiff received a letter via USPS Certified Mail terminating his employment with USPS. Plaintiff contacted his American Postal Workers Union (APWU), Local 86, and filed a grievance for wrongful termination. An APWU arbitrator ruled in favor of Plaintiff.

Thereafter, Plaintiff filed this civil action against Defendant and two individual defendants, Derren Giles-Bey and Summer Hyde-Swaim. Plaintiff's Amended Complaint [Doc. No. 15] asserts the following claims: disparate treatment based on age, pursuant to The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. (ADEA) (Count 1); disparate treatment based on race and color, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII) (Counts 2 and 3); lack of due process as required by the Fifth Amendment (Count 4); EEO retaliation, under Title VII (Count 5); conspiracy, alleged against Defendants Giles-Bey and Hyde-Swaim (Count 6); intentional infliction of emotional distress (Count 7); and hostile work environment (Count 8). Defendant moves to dismiss all eight counts pursuant to FED. R. CIV. P. 12(b)(1) and (6).

## STANDARD OF REVIEW

Federal courts are courts of limited subject-matter jurisdiction and "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan.*

*State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citation omitted). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, as in this case, the Court must accept the allegations in the complaint as true. *Id*. In contrast, a factual attack allows the moving party to go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. *Id*.

To survive a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). Although pro se pleadings are to be liberally construed, district courts should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d

3

1106, 1110 (10th Cir. 1991).

## DISCUSSION

I.     **Subject-Matter Jurisdiction**

   A.     **Conspiracy (Count 6)**

Pursuant to FED. R. CIV. P. 12(b)(1), Defendant seeks dismissal of Count 6 based on Plaintiff's failure to state a jurisdictional basis for his conspiracy claim. This Court has subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While federal law grants this Court subject-matter jurisdiction over federal employment discrimination claims under Title VII, the Court agrees with Defendant that Plaintiff's Amended Complaint fails to state a jurisdictional basis for his conspiracy claim.[2] Accordingly, Count 6 of Plaintiff's Amended Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

---

[2] Plaintiff initially brought his conspiracy claim under 42 U.S.C. § 1983 [Doc. No. 1, at 27], before amending his complaint to omit the reference to Section 1983 [Doc. No. 15, at 23]. The Court will not consider Plaintiff's original complaint because an "amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation omitted). Regardless, even if Plaintiff had included Section 1983 as a jurisdictional basis for Count 6, such a claim is limited to "state actors … [who] us[e] the[ir] badge of . . . authority" to violate the federal rights of others. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Further, in his response, Plaintiff attempts for the first time to couch his conspiracy claim as one brought under Section 1985 [Doc. No. 23, at 8]. However, as asserted by Defendant, Plaintiff's conspiracy claim—based on the same allegations underlying his Title VII claims—would be preempted since "Title VII provides the exclusive judicial remedy for discrimination claims in federal employment." *Ford v. West*, 222 F.3d 767, 773 (10th Cir. 2000); *see also Mobley v. Donahoe*, 498 F. App'x 793, 796 (10th Cir. 2012) (unpublished) ("Title VII is the exclusive remedy for [the plaintiff's] claims of discrimination and associated retaliatory conduct… This precludes his claims asserted under the civil-rights statutes….").

4

## II.     Failure to State a Claim

### A.     Disparate Treatment Claim (Title VII, ADEA) (Counts 1-3)

Plaintiff asserts that he was discriminated against based on his race, color, and age[3] in violation of Title VII and the ADEA. Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADEA, "[i]t shall be unlawful for an employer … to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

For Title VII claims, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020) (same in ADEA context). A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021)

---

[3] Plaintiff does not appear to claim discrimination based on gender, religion, or national origin.

5

(quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "[T]he standard for proving disparate treatment under Title VII does not vary based on whether or not the plaintiff is a member of a majority group." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 310 (2025).

Upon consideration, Plaintiff has stated plausible claims for relief under Title VII and the ADEA. Plaintiff alleges that he was discriminated against by USPS management based on his race, age, and color. Specifically, Plaintiff alleges that he (a Caucasian, 51-year old) applied for four positions with USPS between December 2022 and April 2023; that he was "overly qualified for all the above listed positions but was treated less favorably than the much younger, African American/[B]lack supervisors/managers who were hired"; and that the individuals hired were not qualified for the positions. Am. Compl., at 4. Before he was hired by USPS, Plaintiff alleges that he applied to an external job posting for a management position after being told by Art Sutherland that "only external applications were being considered for [that] position." *Id*. After being told "by management" that he was "number one" from the external applicants, "Plaintiff was told [that] USPS managers didn't want to hire him because of his age, race, [and] color." *Id.* at 5. Plaintiff alleges that Defendant "refused to honor the external supervisor posting in favor of internal USPS employees who were African American/[B]lack and not qualified and friends of theirs." *Id.* at 9. Plaintiff also alleges that "[d]espite applying for [] two different supervisor positions, a 204-b supervisor position, and a job as a driver instructor," and despite "having the most qualifications and the highest ranking on the application list, Plaintiff was

6

intentionally bypassed due to age, color, and race discrimination." *Id.* at 8. At this stage, Plaintiff has sufficiently pled a disparate treatment claim based on age, race, and color.

### B. Due Process Claim (Count 4)

Plaintiff also alleges that his due process rights were violated when he was terminated by USPS and "not given the usual procedural rights during the termination process." Am. Compl., at 21. In moving to dismiss Plaintiff's due process claim, Defendant contends that Plaintiff was a probationary employee at the time of his termination, and that "as a probationary employee, plaintiff had no constitutionally protected 'property' interest in continued employment." *See Sipes v. United States*, 744 F.2d 1418, 1421 (10th Cir. 1984). Notably, in response to Defendant's motion, Plaintiff appears to concede that he was terminated during his probationary period. [Doc. No. 23, at 18] ("The protections agreed to by USPS and plaintiff include due process rights related to employment and removal. This includes employees terminated during their probationary period."). Upon consideration, the Court agrees with Defendant that Plaintiff—as a probationary employee—has not sufficiently alleged a property interest as is required to bring a due process claim. *See Walker v. United States*, 744 F.2d 67, 68 (10th Cir. 1984) (finding that the due process requirement is "triggered only when a liberty or property interest is implicated"). Further, although Plaintiff states, in conclusory fashion in his Amended Complaint, that he also had a "liberty interest" in his continued employment, Plaintiff appears to concede that a liberty interest is not implicated in this case by failing to address the issue in his response. For these reasons, the Court agrees with Defendant that Plaintiff's due process claim must be dismissed.

C.    **EEO Retaliation (Count 5)**

Under Tenth Circuit law, a prima facie case for retaliation requires Plaintiff to show: (1) he engaged in protected opposition to Title VII discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004). "The adverse action must amount to a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id*. (internal quotations omitted). "For a retaliation claim under Title VII, an adverse employment action is something that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Lincoln v. Maketa*, 880 F.3d 533, 540 (10th Cir. 2018) (citation omitted).

Viewing all reasonable inferences in Plaintiff's favor at this early stage of litigation, the Court finds that the allegations of Plaintiff's Amended Complaint are minimally sufficient to state a plausible claim that Plaintiff was retaliated against for engaging in protected activity under Title VII. Plaintiff alleges that he made an EEO complaint and that USPS management "all knew that Plaintiff complained of and reported discrimination by USPS management against him to USPS labor and requested EEO help." Am. Compl., at 22. Plaintiff further alleges that he contacted Ms. Hyde-Swaim in mid-April 2023 "about how to schedule an appointment with the EEO counselor … because of discrimination involving [his] applications for Supervisor, 204-b supervisor, and driver instructor," and that Ms. Hyde-Swaim "responded discouragingly with anger and told Plaintiff not to

contact the EEO coordinator or Labor about discrimination … or [he] could be terminated." *Id.* at 9-10. Thereafter, Plaintiff alleges that he reported discriminatory conduct and was terminated by Mr. Giles-Bey, who was "furious with anger because Plaintiff reported the illegal hiring acts involving Mr. Giles-Bey." *Id.* at 10. Finding these allegations sufficient to state a plausible claim of EEO retaliation, Defendant's motion to dismiss will be denied as to Plaintiff's EEO retaliation claim.

### D. Intentional Infliction of Emotional Distress (IIED) (Count 7)

Defendant also seeks dismissal of Plaintiff's IIED claim, arguing that it is based on the same operative facts as Plaintiff's Title VII claims and is thus preempted. *See Mobley*, 498 F. App'x at 796 ("Title VII is the exclusive remedy for [the plaintiff's] claims of discrimination and associated retaliatory conduct… This precludes his claims asserted under the civil-rights statutes…."); *see also Crews v. Austin*, No. 20-1055-HE, 2021 WL 12319832, at * 1 (W.D. Okla. July 7, 2021) (finding in part that the plaintiff's IIED claim must be dismissed as preempted by Title VII because Title VII is the "exclusive remedy for discrimination (and related retaliation) claims in federal employment … [and] [t]his precludes related state law claims arising out of the same operative facts."). Notably, Plaintiff did not respond to Defendant's argument that the IIED claim is preempted by Title VII. For these reasons, Plaintiff's IIED claim will be dismissed pursuant to Rule 12(b)(6).[4]

---

[4] Due to this determination, the Court does not address Defendant's argument that Plaintiff's IIED claim is also subject to dismissal under Rule 12(b)(1) for failing to state a jurisdictional basis for the claim.

9

### E.     Hostile Work Environment (Count 8)

In moving to dismiss Plaintiff's Amended Complaint, Defendant contends that Plaintiff did not allege facts supporting a hostile work environment claim. "In determining whether an actionable hostile work environment existed, we look to all the circumstances, to see if the workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the plaintiff's employment, and if the plaintiff was subjected to this abusive environment because of [his] [protected class]." *Juarez v. Utah*, 263 F. App'x 726, 739 (10th Cir. 2008) (unpublished)[5] (quoting *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1169-70 (10th Cir. 2007)).

Upon review of Plaintiff's Amended Complaint, even viewing the allegations in the light most favorable to Plaintiff, he has not stated a plausible hostile work environment claim on any basis. In support of Count 8, Plaintiff alleges that he was "harassed at work by Derren Giles-Bey for reporting race and age discrimination" and that he was "stalked, harassed, threatened, and wrongfully terminated" as a result of his EEO activity. Am. Compl., at 26. Plaintiff also references a "hostile confrontation by Derren Giles-Bey" where he was "furious with anger because Plaintiff reported the illegal hiring acts involving Mr. Giles-Bey." *Id.* at 10. Plaintiff also alleges that Mr. Giles-Bey "waited outside of the USPS parking lot to stalk and harass Plaintiff while he was working on April 27, 2023," and Mr. Giles-Bey "angrily confronted Plaintiff while he was working and inspecting his truck and he made disparaging comments related to Plaintiff, labor, and EEO." *Id.* at 14.

---

[5] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

The foregoing allegations do not rise to the level of severity or pervasiveness required to state a plausible hostile work environment claim. Plaintiff's allegations seem to refer to one confrontation with Mr. Giles-Bey, in which Mr. Giles-Bey made unspecified disparaging comments to Plaintiff. Plaintiff also repeats the conclusory statement that Mr. Giles-Bey "stalked, harassed, [and] threatened" him, without providing any factual allegations in support. "A plaintiff does not make a showing of a pervasively hostile work environment 'by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments.'" *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (quoting *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005)). Here, Plaintiff's Amended Complaint falls short of alleging an environment "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment" based on any protected status or activity. *Juarez*, 263 F. App'x at 739. Accordingly, Plaintiff's hostile work environment claim will be dismissed.

### III.  Leave to Amend

Near the end of Plaintiff's response, he requests leave to amend his Amended Complaint in the event the Court finds any deficiencies therein. However, the Court will not grant Plaintiff leave to amend at this time. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (Plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment"). Here, Plaintiff's informal request to amend his complaint for a second time

11

does not give Defendant or the Court adequate notice for the basis of the proposed amendment.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss [Doc. No. 20] is **GRANTED in part**. Counts 4, 6, 7, and 8 of the Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**.[6] Plaintiff's claims against Defendant David P. Steiner for disparate treatment based on race, age, and color (Counts 1-3) and EEO retaliation (Count 5) survive dismissal.

**IT IS SO ORDERED** this 22nd day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[6] Accordingly, Defendant's separate motion to dismiss Count 7 for Plaintiff's failure to comply with the Federal Tort Claims Act [Doc. No. 43] and Defendants Giles-Bey and Hyde-Swaim's motion to dismiss Count 6 [Doc. No. 44] are **DENIED** as **MOOT**.