**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARK A. PENDERGRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1000-D |
| | ) | |
| DAVID P. STEINER, Postmaster General, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Entry of a Privacy Act Order [Doc. No. 56], to which Defendant responded [Doc. No. 57]. The matter is fully briefed and at issue.

Plaintiff alleges in this action that Defendant discriminated against him on the basis of his race, age, and color, and that Defendant retaliated against him for engaging in protected activity, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. In the present motion, Plaintiff seeks an order pursuant to The Privacy Act of 1974, 5 U.S.C. § 552a.

The Privacy Act governs the circumstances under which government agencies may disclose information contained in their records. Section 552a(b) provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
>
> …

1

(12) pursuant to the order of a court of competent jurisdiction.

5 U.S.C. § 552a(b)(12). "The Privacy Act … was enacted to protect the privacy of individuals identified in information systems maintained by Federal agencies by preventing misuse of that information." *Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 421-22 (10th Cir. 1988) (internal quotations and citation omitted). The Privacy Act "allow[s] an individual to participate in ensuring that his records are accurate and properly used, and [imposes] responsibilities on federal agencies to maintain their records accurately." *Palmieri v. United States*, 194 F. Supp. 3d 12, 17 (D.D.C. 2016).

As set forth in Plaintiff's motion, Plaintiff requests that the Court authorize Defendant to produce the following United States Postal Service (USPS) records:

- Plaintiff's complete personnel file;

- Personnel files of supervisors, managers, and all decision-makers involved in Plaintiff's non-selection of all the positions [for which] he applied, and his termination;

- Training, disciplinary, safety, and performance records for all above listed supervisors, managers, and all decision-makers involved or named by Plaintiff in his requests;

- Safety records of USPS Transportation employees, the box trucks and semi-trucks used and their records, citations issued, and accidents/wrecks and the P.V.O. Transportation drivers involved;

- Internal complaints or investigations involving Plaintiff, his supervisors, his managers, and all the decision-makers and the employees involved;

- Emails, memoranda, texts, notes, and any other communications referring to and/or naming Plaintiff;

2

- EEO records, investigative notes, and all related materials; [and]

- Any other Privacy-Act protected materials responsive to Plaintiff's discovery requests.

[Doc. No. 56, at 3-4].

In response, Defendant asserts that Plaintiff's request for a Privacy Act order is premature and not sufficiently tailored to specific individuals and/or documents. Plaintiff has not identified specific individuals whose interests may be implicated by Defendant's disclosure of documents. Defendant notes that—as of Defendant's response date—Plaintiff had not served any discovery requests. Thus, Defendant is unable to ascertain whether the Privacy Act would even preclude USPS from disclosing certain records and information.[1] Defendant further asserts that, after Defendant identifies documents responsive to any discovery requests issued by Plaintiff, the parties can confer on whether a Privacy Act order is appropriate, which "may well result in a non-objection from the Defendant with respect to particular employees and records." [Doc. No. 57, at 4].

Defendant suggests that denying Plaintiff's request for a broad, unspecified Privacy Act order would allow the parties to identify through discovery whose privacy interests may be affected by any requested disclosure. Defendant also contends that requiring the

---

[1] It also appears that a Privacy Act order would be unnecessary as to at least some of Plaintiff's requested documents. The Tenth Circuit has held that "'disclosure' under the Privacy Act means 'providing personal review of a record, or a copy thereof, *to someone other than the data subject or the data subject's authorized representative*.'" *Luster v. Vilsack*, 667 F.3d 1089, 1098 (10th Cir. 2011) (emphasis added). The Court is unsure whether a Privacy Act order would be appropriate for documents in which Plaintiff is the subject.

3

parties to confer prior to requesting a Privacy Act order would help clarify the substance of the requested order and potentially narrow or moot the issue(s) altogether.

Upon consideration, the Court agrees with Defendant that Plaintiff's request for a blanket Privacy Act order is insufficiently specific and premature. Of course, as discovery progresses, either party may request that the Court enter a Privacy Act order for specified documents and information. For any renewed request for a Privacy Act order, the parties are directed to meet and confer prior to filing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of a Privacy Act Order [Doc. No. 56] is **DENIED**, without prejudice to resubmission as set forth herein.

**IT IS SO ORDERED** this 28th day of April, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE